By the Court. Vanderpoel, J.
The only question in this case arises under the act requiring mortgages of personal property.to be filed.
One Cormier executed a mortgage of personal property to the plaintiff, which was first filed June 22, 1846. A copy was filed June 18th, 1847, at 50 minutes past 10 o’clock, A. M. The defendant recovered a judgment, and issued an execution against Cormier, by virtue of which the property covered by the mortgage was levied upon on the 19th of June, 1848, at noon, before the filing of another copy of the mortgage, which was filed on the same day, but after the levy. The 18th of June was Sunday. The act provides, that “ Every mortgage filed in pursuance of the act, shall cease to be valid against the creditors of *301 the person making the same, or against subsequent purchasers and mortgagees in good faith, after the expiration of one year from the filing thereof, unless within thirty days next preceding ■the expiration of the said term of one year, a true copy of such mortgage, together with a statement exhibiting the interest of the mortgagee in the property thereby claimed by him by virtue thereof, shall be again filed in the office of the clerk or register of the town or city where the mortgagor shall then reside.”
We think, that in order to preserve the lien of the mortgage, it is necessary to file a new copy within thirty days preceding the expiration of the first year, and so on from year to year, if the mortgagor wishes to continue his lien. Every copy thus filed must be regarded as a new mortgage.
ft being necessary to file copies every successive year, we are also of opinion, that the copy filed on the 18th of June, 1847, at 50 minutes past 10 o’clock, ceased to be valid, as a lien against creditors, in one year from that time; and although the 18th of June was Sunday, that day must be computed. The day of filing the copy, does not relate back to the day of filing the original mortgage. The execution of the defendant here, must prevail as against the mortgage.
Judgment accordingly.